# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| GERALD M. BAUGH, ) | |
| ) | |
| Plaintiff, ) | Case No. 09-03177-CV-S-DGK |
| ) | |
| v. ) | |
| ) | |
| OZARKS AREA COMMUNITY ) | |
| ACTION CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are Defendants Ozarks Area Community Action Corporation ("OACAC"), Caryn Mackie, Melissa Hopkins, Kimberly Shinn-Brown, and Carl Rosencranz's[1] Motions to dismiss Plaintiff Gerald Baugh's amended complaint for failure to state a claim and lack of subject matter jurisdiction and suggestions in support. Docs. 28-29, 41-48. The Court has reviewed these Motions in conjunction with Plaintiff's Response and Defendants' consolidated Reply. Docs. 53, 56. Plaintiff recently filed what amounts to a Sur-Reply, over a month after these Motions became ripe for ruling and without obtaining leave to file it. Doc. 61. For the reasons stated herein, Defendants' Motions are GRANTED.

## Background

This case stems from Plaintiff's employment with Defendant OACAC and the termination thereof on November 20, 2007. It appears that Plaintiff filed his first action relating to these issues on May 23, 2008 in the Circuit Court of Christian County, Missouri. Doc. 10-2. On January, 20, 2009, Plaintiff filed an amended complaint in Christian County which purported

---

[1] Defendant OACAC's website refers to him as Rosenkranz, rather than Rosencranz. http://www.oacac-caa.org/oacac/content/contact-us. It is not clear which is correct, but since both sides use the Rosencranz spelling in their filings, the Court relies on that.

1

to remove the case to federal court, which was denied. On February 26, 2009, Plaintiff filed a voluntary dismissal without prejudice of the Christian County case. Though the dismissal was effective when filed for Plaintiff's purposes, the Christian County case was not formally dismissed until February 10, 2010. Plaintiff filed this action on July 14, 2009, proceeding pro se and in forma pauperis. The Court ordered Plaintiff to file an amended complaint in order to clarify which counts were against which defendants, which he did on December 14, 2009. Doc. 19. The pending Motions followed shortly thereafter.

Plaintiff's amended complaint contains seven counts. Count 1 alleges unlawful employment practices pursuant to 42 U.S.C. § 2000e-2 against all Defendants. Count 2 alleges deprivation of civil rights pursuant to 42 U.S.C. § 1983 against Defendants OACAC, Rosencranz, Hopkins and Shinn-Brown. Count 3 alleges civil rights conspiracy pursuant to 42 U.S.C. § 1985 against Defendants OACAC, Rosencranz, Hopkins and Shinn-Brown. Count 4 alleges neglect to prevent section 1985 wrongs pursuant to 42 U.S.C. § 1986 against Defendants OACAC, Rosencranz, Hopkins and Shinn-Brown. Count 5 alleges Title VII gender and race discrimination against all defendants, citing 42 U.S.C. § 2000d. Count 6 alleges gender and race discrimination under the Missouri Human Rights Act ("MHRA") against all defendants. Count 7 alleges retaliation and constructive discharge under the MHRA against all defendants.

**Standard**

Defendants allege that Counts 1 through 5 fail to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Consequently, Defendants assert that the Court will no longer have supplemental jurisdiction over Counts 6 and 7, brought under the MHRA, and that they should be dismissed pursuant to Rule 12(b)(1). While "detailed factual allegations" are not required in federal court, in order to

survive a 12(b)(6) motion plaintiffs must present more than bare restatements of the elements of a cause of action. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). In addition, district courts must consider if the allegations are "plausible on [their] face." *Id.* While factual allegations are entitled to a presumption of truth in ruling on a 12(b)(6) motion, legal conclusions disguised as factual allegations are not. *Id.* Rule 12(b)(1) governs a motion to dismiss for a lack of subject matter jurisdiction. The Court would not have mandatory supplemental jurisdiction over Counts 6 and 7 if it were to dismiss Counts 1-5, and would decline to exercise permissive supplemental jurisdiction. 28 U.S.C. § 1367(c)(3).

## Discussion

### A. Count 1 Fails to State a Claim Because It Is Untimely

Count 1 alleges unlawful employment practices pursuant to 42 U.S.C. § 2000e-2. Plaintiff refers to this claim as dealing with a "hostile work environment," at least in part, and Defendants focus on this issue, arguing that Plaintiff has failed to plead that he has exhausted his administrative remedies for a hostile work environment claim. Defendants argue in their Reply that Count 1 is untimely, even if Plaintiff has exhausted his remedies.

Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights on February 26, 2008, which was dually filed with the EEOC. Doc. 10-1 at 7. This Charge alleges harassment based on race and gender. *Id.* Plaintiff's notice of right to sue related to this complaint is dated April 1, 2008. Doc. 10-1 at 8. As stated above, Plaintiff first filed an action on May, 23, 2008, clearly within the ninety-day period. Plaintiff dismissed his suit on February 26, 2009, and filed in federal court July 14, 2009. Though the statute is facially unequivocal regarding the time limit, the Supreme Court has held that tolling is appropriate in certain circumstances. *See Crown, Cork & Sell Co. v. Parker,* 462 U.S. 345, 354 (1983) (holding that

because an employee did not receive his right to sue notice until after a class action had been commenced, "he retained a full 90 days in which to bring suit after class certification was denied"). Plaintiff has not argued for any tolling of the 90 day period, and the Court does not reach the issue. However, even assuming the period was tolled during the pendency of his state court action, by the Court's calculation, Plaintiff's right to sue expired on April 6, 2009.[2] Missouri law is clear that the case was dismissed upon Plaintiff filing of the voluntary nonsuit. Mo. Rule 67.02(a), *Brown v. MO Delta Med. Ctr.,* 293 S.W.3d 28, 30 (Mo. Ct. App. 2009). Therefore, Plaintiff's Title VII right to sue expired before he filed this action, even giving him the benefit of assuming that the period was tolled during the state court suit. Count 1 fails to state a claim upon which relief can be granted because it is untimely.

    **B. Count 2 Fails to State a Claim Because Plaintiff Has Not Pled the Rights at Issue and that Defendants Acted "Under Color of Law"**

Under the authority of the Fourteenth Amendment, Congress has created a civil action to remedy deprivation of civil rights under color of state law. 42 U.S.C. § 1983. Section 1983 is a powerful and vital tool for the protection of civil rights. However, it is not boundless. The Fourteenth Amendment, and necessarily, statutes passed under its purview, "erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer,* 334 U.S. 1, 13 (1948). Plaintiff alleges that Defendants OACAC, Rosencranz, Hopkins and Shinn-Brown "conspired to deprive Plaintiff of civil rights…[including] [a]ltering documents in Plaintiffs [sic] personnel file...[and] [h]aving documents in Plaintiffs [sic] personnel file inconsistent with actions taken against him." Doc. 19 at ¶¶ 27-28. These are the only examples of alleged 1983 violations Plaintiff provides.

---

[2] In fact, even assuming that, for some reason, an entirely new 90 day period began after Plaintiff's dismissal of the state court suit, that period would have expired on May 27, 2009, approximately six weeks before Plaintiff filed this complaint and before he even applied to proceed in forma pauperis. Doc. 1.

The Court is immediately struck by two problems with Count 2. First, while Plaintiff cites specific facts, he fails to identify "any rights, privileges, or immunities secured by the Constitution and laws" which these alleged actions violated. 42 U.S.C. § 1983. Second, Plaintiff offers no evidence or argument to explain why Defendants are state actors. While it appears from Plaintiff's Response that he is arguing that Defendant OACAC receives some federal funds, they are not a government agency. "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins,* 487 U.S. 42, 50 (1988). While suits against state actors in their official capacity represent almost certainly the most common use of section 1983, the Court does not mean to imply that private actors can never be susceptible to section 1983 suits. However, there must be specific allegations that Plaintiff has not[3] pled in this case. "[A] plaintiff must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." *Dossett v. First State Bank,* 399 F.3d 940, 951 (8th Cir. 2005) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 154 (1970)). For these reasons, Count 2 fails to state a claim upon which relief can be granted.

### C. Count 3 Fails to State a Claim Because Plaintiff Has Not Pled Necessary Elements

Count 3 alleges that Defendants engaged in a civil rights conspiracy pursuant to 42 U.S.C. § 1985. Plaintiff cites the same alleged actions as Count 2, dealing with his personnel file. The only subsection of section 1985 that could possibly apply to this case is subsection (3), because subsection (1) deals with interfering with official duties and subsection (2) deals with intimidation of a party, witness or juror. In order to state a claim under section 1985(3), a

---

[3] Though Count 3 alleges section 1985 civil rights conspiracy, Plaintiff does not allege that Defendants conspired with public officials.

plaintiff must show three elements and one of two possible types of damages as the fourth element. In order to prevail on this claim, Plaintiff must prove that that Defendants

> "(1) conspire[d]…(2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. [The complaint] must then assert that one or more of the conspirators (3) did, or caused to be done, any act in furtherance of the object of (the) conspiracy, whereby [Plaintiff] was (4a) injured in his person or property or (4b) deprived of having and exercising any right or privilege of a citizen of the United States."

*Griffin v. Breckenridge,* 403 U.S. 88, 102-03 (1971) (internal quotations omitted). Plaintiff has not alleged how these actions damaged him "in his person or property" nor, as discussed above, has Plaintiff cited any right of which these actions deprived him. Furthermore, Plaintiff has failed to allege enough to meet the conspiracy element under Eighth Circuit law. "This court has held that a corporation and its agents are a single person in the eyes of the law, and a corporation cannot conspire with itself." *Cross v. Gen. Motors Corp.,* 721 F.2d 1152, 1156 (8th Cir. 1983) (noting that overcoming the corporate personhood issue requires that the individual defendants have "acted outside the scope of their employment or for personal reasons" which Plaintiff does not allege). For these reasons, Count 3 fails to state a claim upon which relief can be granted.

### D. Count 4 Fails to State a Claim Because It Is Dependent on Count 3

Count 4 alleges an action for failure to prevent section 1985 harms under 42 U.S.C. § 1986. Count 3's inadequacy is fatal to Count 4, since section 1986 presupposes a valid section 1985 claim. This is supported by the plain language of the statute and relevant Eighth Circuit case law. *See McIntosh v. Ark. Repub. Party-Frank White Election Comm.,* 766 F.2d 337, 340 (8th Cir. 1985) (stating that a section 1986 claim is "dependent on the existence of a claim under section 1985"). Count 4 fails to state a claim upon which relief can be granted.

6

### E. Count 5 Fails to State a Claim Because the Cited Statute Does Not Cover Gender Discrimination and Plaintiff Has Not Pled the Requirement of 42 U.S.C. § 2000d-3

Count 5 alleges gender and race discrimination pursuant to 42 U.S.C. § 2000d. Defendants argue that this statute does not cover gender discrimination and that the subchapter of the Code only covers federally assisted programs whose primary goal is to provide employment. Plaintiff's Response confirms that he intended to sue under this statute, and does not dispute that it does not cover gender discrimination. The plain language of the statute refers only to "race, color, or national origin." 42 U.S.C. § 2000d. As such, Plaintiff appears to agree that Count 5 does not state a claim for gender discrimination and makes no attempt to remedy this deficiency. The Court will therefore only consider whether Count 5 properly states a race discrimination claim under section 2000d. The text of the statute reads, in its entirety, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Id, see also Barnes v. Gorman,* 536 U.S. 181, 185 (2002) (recognizing implied private right of action).

Plaintiff has pled that Defendant OACAC is a federally assisted program. Doc. 19 at ¶ 2. However, section 2000d-3 and Eighth Circuit case law make clear that this statute covers discrimination only in federally assisted programs meant specifically to provide employment. *Valentine v. Smith,* 654 F.2d 503, 512 (8th Cir. 1981). Plaintiff has not pled this, and in response states that "[A] plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right." Doc. 53 at ¶ 6 (brackets in original). Though not cited as such, and absent a coincidence of wording, this language originally comes from *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk,* 340 F.3d 605, 614 (8th Cir. 2003), and has been cited several times by various federal courts. It follows

7

language in which the Eighth Circuit held that the plaintiffs need not have pled "the specific existence of an unconstitutional policy or custom." *Id.* This citation is entirely irrelevant, as Plaintiff alleges specific acts which he claims violated section 2000d, rather than a policy or custom. Furthermore, it does not change the fact that Plaintiff has failed to allege that Defendant OACAC is federally assisted for the "primary objective…[of] provid[ing] employment." 42 U.S.C. § 2000d-3. While it is unclear for what purpose federal funds are allocated to Defendant OACAC, it certainly does not appear that OACAC's primary objective is providing employment. *See* OACAC – Programs, http://www.oacac-caa.org/oacac/?q=node/3, (last visited March 29, 2010) (describing OACAC's seven programs; Family Planning, Foster Grandparents, Head Start, Housing, Low Income Home Energy Assistance Program (LIHEAP), Neighborhood Centers, and Weatherization).

The federal rules require only "a short and plain statement of the grounds for the court's jurisdiction…[and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). With regard to Count 5, Plaintiff has failed to meet even this permissive pleading standard. Without alleging that Defendant OACAC receives federal funds for the "primary objective" of providing employment, Plaintiff has not shown that the Court has federal question subject matter jurisdiction, nor has he shown that he is entitled to relief under the statute. For these reasons, Count 5 fails to state a claim upon which relief can be granted.

**F. State Law Claims**

As stated in Sections A through E, Plaintiff's federal counts fail to state a claim upon which relief can be granted. The Court has discretion to decline to exercise supplemental jurisdiction over the remaining state law claims, and elects to so decline. 28 U.S.C. § 1367(c)(3).

**Conclusion**

Plaintiff has failed to state a claim upon which relief can be granted on Counts 1 through 5. Count 1 is untimely. Count 2 does not show how Defendants could be state actors or what rights Plaintiff has been deprived. Count 3, and therefore Count 4, fails to state a claim because has failed to show several necessary elements. Count 5 fails to state a claim because the statute it references does not cover gender discrimination and because Plaintiff does not plead that Defendant OACAC receives federal funds to provide employment. Absent any federal claims, the Court will not exercise supplemental jurisdiction over Counts 6 and 7. For these reasons, Defendants' Motions to dismiss for failure to state a claim are GRANTED.

**IT IS SO ORDERED**

Dated: March 31, 2010  /s/ Greg Kays  
GREG KAYS  
UNITED STATES DISTRICT JUDGE